LEWIS MITCHELL AND MAMIE L. MITCHELL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket No. 4947-81.
United States Tax Court
T.C. Memo 1983-155; 1983 Tax Ct. Memo LEXIS 636; 45 T.C.M. (CCH) 1058; T.C.M. (RIA) 83155; March 22, 1983. Lewis Mitchell, pro se. Kenneth P. Dale, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency of $1,061.20 in petitioners' income tax for the calendar year 1978. After concessions, the sole issue for our determination is whether petitioners have established their right to a deduction for state and local taxes in an amount greater than that which was allowed by respondent.The evidence consists in part of a stipulation of facts, which is incorporated herein by this reference. Petitioners Lewis Mitchell and Mamie L. Mitchell, husband and wife, resided in Cincinnati, Ohio at the time the petition herein was filed. They timely filed a joint Federal income tax return for the calendar year 1978, on the cash basis, with respondent's Cincinnati Service Center at *637 Covington, Kentucky. On their joint return for 1978, petitioners claimed a deduction for state and local taxes in the total amount of $1,854.65, which total was broken down and identified on the return as follows: State and Local Income Tax
$1,451.65
State and Local Gasoline Tax
200.00
General Sales Tax
203.00
TOTAL TAXES
$1,854.65
The deduction with respect to the state and local income taxes, in the total amount of $1,451.65, was itemized and identified, by a schedule attached to petitioners' return, as consisting of state and local income taxes for the years and in amounts as follows: State
Local
Total
1975
$288.10
$39.38
$ 327.48
1976
225.35
225.35
1977
354.86
85.02
439.88
1978
392.95
65.99
458.94
TOTAL TAX
$1,451.65
Upon audit of the petitioners' 1978 return, respondent allowed the claimed amount of $203.00 for general sales tax in full. With respect to the claimed deduction for state and local gasoline taxes, respondent allowed a deduction of only $88.50, but has now conceded and stipulated that petitioners are entitled to a deduction for this item in the amount of $190.00. With respect to the claimed *638 deduction of $1,451.65 for state and local income taxes, as above, respondent allowed $526.70, and disallowed the remaining amount of $924.95, determining that such additional amount claimed by petitioners for 1978 had not been paid during the taxable year. [1]
Section 164 of the Internal Revenue Code of 1954, as in effect in 1978, provided in relevant part as follows: (a) General Rule. -- Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (3) state and local * * * income * * * taxes. In this case, the burden of proof was upon petitioners to show that they were entitled to a deduction in 1978 for state and local income taxes in excess of the amount allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have failed to carry this burden. *639 There were introduced in evidence Forms W-2 from petitioners' employers in the year 1978, showing withholding of state and local taxes for that year in the amount of $351.20. There were also introduced in evidence Forms W-2 for the petitioners for the years 1976 and 1977, showing the withholding of state and local income taxes in those years. No evidence at all was presented with regard to the payment of state and local income taxes for the year 1975. The evidence which was presented with respect to state and local income taxes paid in 1976 and 1977 shows that such taxes were withheld from petitioners' salaries in the respective years, and thus were not paid in 1978. Although petitioners claimed additional amounts in 1978 with respect to state and local income taxes paid for all three years 1975, 1976 and 1977, in addition to taxes paid through withholding by their employers, they failed to show that such claimed additional amounts were paid within the year 1978. In fact, petitioners conceded on brief that the state and local income taxes for 1975, 1976 and 1977 were paid in those respective years, but were omitted as deductions from petitioners' returns for said years by inadvertence. *640 A taxpayer on the cash basis may deduct state and local income taxes only during the year in which such taxes are paid to the taxing authority, Hradesky v. Commissioner,65 T.C. 87 (1975), affd. 540 F.2d 821 (5th Cir. 1976); Motel Corporation v. Commissioner,54 T.C. 1433 (1970); Vassallo v. Commissioner,23 T.C. 656 (1955); and payments of tax by withholding constitute payment of tax which is deductible for the year in which it is withheld. Frazier v. Commissioner,T.C. Memo. 1976-149, affd. 551 F.2d 1118 (8th Cir. 1977), cert. denied 434 U.S. 957. [2]
We accordingly hold that petitioners have failed to show that they are entitled to any deduction for state and local income taxes for the year 1978 above and beyond the amount which was allowed by respondent in his statutory notice. To give effect to the above, as well as concessions by the parties on other issues herein. Decision will be entered under Rule 155.
Footnotes
1. The above detail does not appear in respondent's statutory notice, but is derived from the amount which was allowed ($818.20), together with respondent's concessions and stipulations with regard to the makeup of said amount.↩
2. Compare Rev. Rul. 56-124, 1956-1 C.B. 97↩.